PESCAY, PLAINTIFF AND APPELLEE, *v.* FERNÁNDEZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan in an Action for Rescission of Contract.

No. 2142.—Decided July 23, 1920.

JUDGMENT ON PLEADINGS—FINAL JUDGMENT—DEMURRER—DISCRETION OF COURT.—
When a demurrer is overruled and time allowed to answer, if the defendant fails to answer and moves for judgment the judgment then entered is final, although the defendant may have moved for such judgment without prejudice to answering if the order overruling the demurrer should be affirmed on appeal. The court did not err in overruling the motion for permission to answer the complaint after the case had gone off on the pleadings of the plaintiff at the instance of the defendant himself, and if the court had discretion to admit the answer the circumstances of the case do not show an abuse of such discretion.

The facts are stated in the opinion.

*Mr. E. Rincón* for the appellant.

*Messrs. Guerra* and *Soldevila* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Simón Pescay brought an action in the District Court of San Juan, Section 1, on August 19, 1918, against Cándido Fernández for the rescission of a contract of lease and for damages. The defendant interposed the general demurrer that the complaint did not allege facts sufficient to constitute a cause of action. The court overruled the demurrer and allowed the defendant ten days within which to answer the complaint.

The defendant did not answer, but moved for judgment for the purpose of taking an appeal so that this court might consider the demurrer, without prejudice to his right to answer the complaint in case the ruling on the demurrer should be affirmed.

Judgment was entered on January 25, 1919, sustaining the complaint and adjudging that the defendant pay to the plaintiff the sum of $1,000 as damages and the costs. That

judgment was appealed from and this court affirmed it on June 5, 1919.

On June 12, 1919, the defendant moved the lower court that the judgment be set aside and that he be allowed to file the accompanying answer. At the same time he exhibited certified copies of the complaint and answer in another action brought in the same court by Cándido Fernández against Simón Pescay and his wife, Josefina Garín, for the performance or rescission of a contract of lease and for damages, and two affidavits, one by Cándido Fernández and the other by his attorney, Enrique Rincón, tending to show that Fernández had a good defense and that his said attorney had advised him that the appeal taken from the judgment on the pleadings would not affect his right to answer the complaint in case the demurrer should be ultimately overruled. He cited no statute in support of his motion. The motion was overruled by an order of September 29, 1919, and the defendant took the present appeal.

The appellant alleges that the court erred and abused its discretion in entering the order appealed from, inasmuch as the motion thereby overruled was sufficiently justified by section 140 of the Code of Civil Procedure and, at all events, by the inherent power of the courts to allow an answer which would lead to the rendition of a judgment according to justice and the facts.

We do not see that the defendant's motion for leave to answer the complaint should have been sustained as a matter of right, for no authority therefor has been cited; nor do we find in the Code of Civil Procedure anything to that effect. And it does not matter that the defendant moved for judgment without prejudice to his right to answer the complaint if the ruling on the demurrer should be affirmed, for the law gives him no such right, nor was it recognized by the court. *American Railroad Company* v. *Quiñones,* 17 P. R. R. 247.

As to whether the trial court abused its discretion in overruling the motion, if it had such discretion under section 140 of the code cited the facts of the case are such that we see no reason why we should interfere with the exercise of its discretion.

The order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.